# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES HENRY GREEN,

    *Petitioner*,

vs.

ELDON K. MCDANIEL, *et al.,*

    *Respondents.*

3:11-cv-00161-HDM-VPC

ORDER

This habeas action comes before the Court on petitioner's second application (#6) to proceed *in forma pauperis*, on his motion (#9) for reconsideration, and for initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases.

On the second application (#6) to proceed *in forma pauperis*, the Court finds that petitioner is unable to pay the $5.00 filing fee, and the application therefore will be granted.

The motion (#9) for reconsideration will be denied. Petitioner proceeds on the premise that the Court committed "egregious error" when it did not immediately acknowledge whether his second pauper application corrected the deficiencies in his first pauper application. The docket sheet reflects that petitioner received a notice of electronic filing acknowledging the receipt and filing of his second pauper application. The Court otherwise does not send litigants written acknowledgments. After a motion or application is filed, it remains under submission until the Court issues a written order. Under Local Rule 7-6(b), a litigant "may submit and serve a letter to the court at the expiration of sixty (60) days after any matter has been, or should have been, submitted to the court for decision if the court has not entered its written ruling." A motion for reconsideration in this context is unnecessary.

On initial review, the petition fails to state a claim upon which relief may be granted.

Habeas pleading is not notice pleading, and a habeas petitioner must state the specific facts that allegedly entitle him to habeas relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56, 125 S.Ct. 2562, 2569-70, 162 L.Ed.2d 582 (2005).  Even under a more liberal notice pleading standard, conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement do not state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). Accordingly, even under the more liberal notice pleading rules, the allegations of a pleading must "permit the court to infer more than the mere possibility" that a constitutional violation has occurred. 556 U.S. at ___, 129 S.Ct. at 1950.  The stricter habeas pleading rules similarly require more than "mere conclusions of law, unsupported by any facts."  *Mayle*, 545 U.S. at 655, 125 S.Ct. at 2570.  A habeas petitioner instead must "state facts that point to a real possibility of constitutional error." *Id.*

In the present case, the allegations of the petition are only marginally legible at best. Words are strewn across the pages of the petition with little apparent regard for lines, margins, and/or sentence structure.  To the extent that the words themselves are legible, they are presented in what often are only incoherent sentence fragments, interspersed with cryptic abbreviations and case citations.

If the writing in a pleading is illegible and incoherent, it literally fails to state a claim upon which relief may be granted.  Further, if petitioner does not stay on the lines in the petition form and within the margins established by those lines, his writing crammed into the spaces outside those margins often will not be imaged when his petition his scanned onto the electronic docketing system.  Petitioner needs to stay on the lines and within the margins for his allegations to be included in the record.  Instruction (A)(1) of the instructions for the petition form accordingly requires that a petitioner write legibly, clearly, in the space provided on the form without writing in the margins, and with only one line of writing per line.  Thus, at the very outset, petitioner must write legibly, coherently, on the lines of the petition form, and within the margins established by the lines in the petition form.

Petitioner further seeks to incorporate by reference two purported affidavits (actually, unsworn declarations) as well as certain state court record materials. Under Local Rule LSR 3-1, petitioner must file his petition on the Court's required Section 2254 form. That means the petitioner must specifically allege his operative allegations within the four corners of the pages of the petition form itself, without incorporation of other affidavits, declarations, memoranda, state court record materials, or any other documents. The Court further notes in this regard that the allegations in the purported affidavits, similar to the petition itself, are crammed together in nearly illegible writing, also are largely incoherent, and, even where a complete sentence is stated, present disconnected factual allegations that do not state any specific claim. Petitioner must use the required petition form to state the entirety of his claims, and he must do so legibly and coherently. See Petition Form Instruction No. (A)(7).

Above all, the allegations presented fail to set forth any specific factual allegations that would point to a real possibility of constitutional error and state specific facts that allegedly would entitle petitioner to habeas relief. Petitioner needs to allege specific allegations of actual fact, not mere conclusions of law. In this regard, interspersing reported case citations in with his allegations adds nothing to his petition. Petitioner needs to allege *specific facts* pointing to the possibility of constitutional error *in his case*.

Finally, Petition Form Instruction No. (C)(6) states, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CONSTITUTIONAL RIGHT PER GROUND." Petitioner therefore may not combine multiple constitutional claims in a single ground. Thus, for example, petitioner may not combine together in a single ground, as he did in Ground 1, a purported claim based upon the judge's failure to recuse, a purported claim based upon a defective order of commitment, and a purported claim based upon the trial court's failure to order an evidentiary hearing regarding an alleged conflict of interest between petitioner and his trial counsel. These are separate constitutional claims that must be presented in separate grounds. Petitioner also may not combine claims of trial court error in the same ground with claims of ineffective assistance of counsel. If the same factual allegations support more than one ground, petitioner may incorporate facts in one ground in another ground.

The Court accordingly will dismiss the petition without prejudice, subject to leave to amend to correct the deficiencies identified herein, if possible.

If petitioner files another essentially incoherent pleading like the present pleading, the Court simply will dismiss the action without further advance notice.

IT THEREFORE IS ORDERED that the application (#6) to proceed *in forma pauperis* is GRANTED such that petitioner will not be required to pay the $5.00 filing fee.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition and that the petition is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the petition, if possible.

IT FURTHER IS ORDERED that petitioner shall clearly title any amended petition filed in response to this order as an amended petition by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption and shall place the docket number, **3:11-cv-00161-HDM-VPC**, above the word "AMENDED." Under Local Rule LR 15-1, the amended petition must be complete in itself without reference to previously filed papers.  Thus, the claims and allegations that are stated in the amended petition will be the only matters remaining before the Court.  Any claims or allegations that are left out of the amended petition or that are not re-alleged therein no longer will be before the Court.

IT FURTHER IS ORDERED that petitioner shall attach with the amended petition copies of the following: (a) the fast track statement filed on petitioner's behalf on direct appeal; and (b) any state post-conviction petition and/or other papers filed in the state courts presenting petitioner's claims on state post-conviction review.

IT FURTHER IS ORDERED that petitioner's motion (#9) for reconsideration is DENIED.

If plaintiff does not timely mail an amended petition to the Clerk for filing, a final judgment dismissing this action will be entered without further advance notice.  If the amended petition does not correct the deficiencies identified in this order and otherwise does

not state a claim upon which relief may be granted, a final judgment dismissing this action will be entered.  Moreover, <u>if petitioner again combines multiple constitutional claims in a single ground, all constitutional claims after the first claim alleged in the ground will be stricken for failure to follow the petition instructions and the order of this Court</u>.

The Clerk of Court shall send petitioner <u>four</u> copies of a noncapital Section 2254 petition form together with one copy of the instructions for same along with a copy of the petition that he submitted.

DATED: March 16, 2012

_____
HOWARD D. MCKIBBEN
United States District Judge